48

STATE, ex rel. STATE ATTORNEY v. UNITED
THEATERS OF FLORIDA, Inc., et al.
No. 71-2684.

Circuit Court, Dade County.

September 3, 1971.

Norman Schwarz, Miami Beach, for the plaintiff.

Joel Hirschhorn, Miami, for the defendants.

ARTHUR E. HUTTOE, Circuit Judge.

This cause came on to be heard upon final hearing pursuant to Florida Statute 847.011 (7), commonly referred to as the Florida Obscenity Law. The court has further considered the supplemental count filed by the plaintiff herein, and has viewed the motion pictures which were the subject matter of the complaint and which were exhibited by the defendants to the public.

With due deference to all of the arguments of counsel for the defendants relating to cases which have been determined by the United States Supreme Court and the Florida Supreme Court, it is well to note that Chief Justice Warren Burger of the United States Supreme Court opined that we must minimize those things that make it difficult for the average person to really understand what law is all about. *"The law should not be complicated. The law should not be dilatory."* This court faces no difficult task in

determining the obscenity of the motion picture films referred to herein. They are unequivocally hard-core pornography and whereas one of the maxims propounded is that "Justice grinds slowly, justice grinds finally," this has no special meaning for me. "Justice that is delayed is justice that is denied" and in this particular case, justice must not be denied to the people of this state. The lack of understanding by the people of our courts of law brings disrespect to the courts, and if people do not understand the reasoning and logic behind court decisions this further brings disrespect and finally contempt.

Justice Dekle of the Florida Supreme Court recently in an obscenity case commented "We fiddle while Rome burns," bringing to mind the historical past of the fall of great empires due to the decay of the moral fiber of its citizens.

I listen with interest to the ideas of people and the advocacy of freedom of expression, freedom of thought, and freedom of ideas — these ideas should never be suppressed. However, I am impressed with the concept that motion pictures and television give forth the ideas as to what our morals should be and what people are thinking about in regards to sexual behavior. Although social concepts have changed considerably in the short time we have been here on this earth such relates also to the laws setting the standards for obscenity and pornography. I am concerned as to what our future standards and our future morals will be in our society.

I cannot accept the fact that certain philosophies as expounded in these movie houses and portrayed by deviate behavior in all forms should be continued to be permitted even to consenting adults. I do not believe that the legislature or courts intended such. What I saw was a bold violation of our laws, which, if I did not believe so, and did not believe these films were hard-core pornography within the definition of these laws, then I would believe that all state and federal obscenity laws should be invalidated. To allow these films to continue or like films to continue would be chasing one endless daisy chain such as that which this court has just viewed. Willful and intentional violation of law requires no less willful and intentional upholding of the law by the courts.

Accordingly, it is ordered that —

The defendant, United Theaters of Florida, Inc., a Florida corporation, Abe Attenson, Rebecca Crone and James Rhort, and each of them, are permanently enjoined and restrained from showing or exhibiting at any public place in Dade County or the state of Florida the motion picture films described in the complaint filed herein.

The defendants, United Theaters of Florida, Inc., a Florida corporation, Abe Attenson, Rebecca Crone and James Rhort, and each of them, are permanently and perpetually enjoined and restrained from showing or exhibiting at any public place in Dade County or the state of Florida any motion picture films which graphically portray genitalia in combination with sexual intercourse, various acts of sodomy, homosexuality, or sado-masochism, whether actual or simulated.

The motion picture films in this case are to be delivered to and held by E. B. Leatherman, clerk of this court, and shall be part of the record in any appeal in this cause.

This court expressly retains and reserves jurisdiction of the parties and subject matter herein for the purpose of enforcing compliance with this final judgment.